## LUNT v. BROWN BROS. CO.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1916.)

1. APPEAL AND ERROR ⊜⟹216—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

   Where defendant failed to except to the charge as given, and made no request to charge otherwise, he could not raise the question of the propriety of the instruction given for the first time on appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊜⟹216; Trial, Cent. Dig. §§ 627–641.]

2. SALES ⊜⟹442—WARRANTIES—BREACH—MEASURE OF DAMAGES.

   The measure of damages for breach of a warranty in selling fruit trees is the difference between the value of the farm at the date when the breach was discovered and its value as it would have been had the trees been as warranted.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. ⊜⟹442.]

Appeal from Trial Term, Monroe County.

Action by Clarence S. Lunt against the Brown Bros. Company. From a judgment for plaintiff, and an order denying defendant's motion to set aside the verdict and for a new trial on the minutes of the court, defendant appeals. Judgment and order affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

George S. McMillan and Lewis, McKay, McMillan & Bown, all of Rochester, for appellant.

George S. Van Schaick, of Rochester, for respondent.

PER CURIAM. Appellant complains only of the rule for the measure of damages adopted by the trial court. Plaintiff, a farmer, desiring to set out young trees for an orchard, purchased from defendant, a grower of nursery stock, a quantity of young Baldwin apple trees for that purpose. The trees were delivered represented to be of that variety. Whether they were such could not be discovered by plaintiff on inspection of the trees delivered, or until they began to bear fruit. Some four or five years after the trees were set out it was discovered,

when they began to bear fruit, that they were not Baldwin apple trees, but were trees of an inferior variety.

[1] The jury were instructed that there was an implied warranty by defendant that the trees delivered were Baldwin apple trees, and that, if they were not, there was a breach of the warranty, for which plaintiff could recover damages. No exception was taken by defendant's counsel to these instructions. He urges now that the failure of defendant to deliver Baldwin apple trees as agreed was a breach of contract or failure to perform the contract, and not a breach of warranty. We think appellant is not in a position to raise the question here, in the absence of an exception to the charge as made, and since no request was made to charge otherwise. We are not called upon, therefore, to decide whether the rule for the measure of damages is different as between a breach of warranty and a breach of contract.

[2] Plaintiff sought to prove as the proper measure of damages the difference between the value of his farm as it was at the time he discovered that the trees were not Baldwin apple trees and the value as it would have been had the trees been of that variety. The court excluded the evidence on the objection of defendant's counsel. The rule for measuring plaintiff's damages adopted by the trial court was the difference between the value of the trees at the commencement of the action as they were and as they would have been had they been Baldwin apple trees, and plaintiff gave evidence as to this difference in value. We think the measure of plaintiff's damages is the difference between the value of the farm as it was and as it would have been had the trees been Baldwin apple trees, and plaintiff should have been allowed to give the testimony offered on that theory; but we are also of opinion that the rule adopted by the trial judge has led to the same result, inasmuch as the witnesses who testified to the value of the trees as they were and as they would have been if Baldwin apple trees placed their value upon the trees as they stood in the ground for use as an orchard, and so, in effect, gave the amount which the trees added to or reduced the value of the farm.

We find no error which would justify a reversal of the judgment. Judgment and order appealed from affirmed, with costs.