CEASER CIMINELLI and Another, Respondents, *v.* UMLAND BROTHERS, INC., Appellant.

Fourth Department, June 29, 1932.

*Daetsch, Paul & Lesswing* [*Wortley B. Paul* of counsel], for the appellant.

*Joseph F. Seitz* [*J. Francis Harter* of counsel], for the respondents.

PER CURIAM. Plaintiffs paid to defendant $559 to put upon their building a new three-ply asphalt roof, guaranteed for five years. Plaintiffs gave proof that the roof, immediately after it was installed, leaked badly in many places; that defendant, after demand, refused to make it right, and that the roof was so defective that an entirely new roof was the only effective and economical remedy. Plaintiffs then gave another contractor $630 to apply another roof of the same general character but guaranteed for ten years, which was laid upon the roof installed by defendant. The City Court of Buffalo gave plaintiffs a judgment for the entire cost of the second roof, $630, and costs. This appeal is from an order and judgment of the Special Term of the Supreme Court affirming the judgment of the City Court.

We think there is evidence, on the present record, to support a judgment for plaintiffs, but that the trial court adopted the wrong measure of damages. The roof in question was attached to, and became an improvement of, real property. The proper measure of damages is the difference between the value of the building

equipped with the defective roof, which defendant installed, and what the value of the building would have been had the roof been as agreed. (*Lunt* v. *Brown Brothers Co.*, 172 App. Div. 31; affd., 224 N. Y. 666; *Pollock* v. *Queens Land & Title Co.*, 147 App. Div. 571; *Walter* v. *Hangen*, 71 id. 40.)

To be sure, even in proving the damages under the correct rule, the proof of what it actually cost to complete the work undertaken and left unfinished or defectively done, may be proved as some evidence of the damage. (*Kidd* v. *McCormick*, 83 N. Y. 391; *Mayor, etc., of New York* v. *Second Ave. R. R. Co.*, 102 id. 572.) However, the only evidence here offered related to the cost of a ten-year roof to take the place of the five-year roof which defendant undertook to build. Let us suppose, for example, plaintiffs had elected to build a copper roof to remedy the condition caused by defendant's failure to build a five-year asphalt roof. Assuredly proof of the actual cost of such copper roof would not furnish a just measure of damage. While plaintiffs are entitled to as good a roof as defendant undertook to build, no matter how advantageous may have been the bargain they made with defendant, still defendant should not be called upon to pay the cost of a better roof than it contracted to build.

The judgment herein should be reversed on the law, with costs to appellant to abide the event, and a new trial ordered in Buffalo City Court.

All concur.

Judgment of Special Term and judgment of City Court reversed on the law and a new trial granted in the City Court, with costs in all courts to appellant to abide the event.