■ JAMES H. SCHMUNK et al., Respondents, v. BERKEY HOUSING DEVELOPMENT CORPORATION, Appellant. NEALL M. ALCOTT et al., Respondents, v. ROBERT E. BERKEY, Appellant.— Plaintiffs in the Schmunk case have had a jury verdict for $300, and plaintiffs Alcott a verdict for $375 for the breach of substantially identical contracts calling for the construction by the respective defendants of a one-family house in a development known as Fairview Terrace Tract in the village of Chittenango, New York. From the judgments entered upon such verdicts defendants appeal to this court. The particular breach alleged in each case is the failure of defendants to construct a proper sewerage disposal unit. In each case the purchase price of the house was $5,000, to be financed by a Federal Housing Administration insured mortgage. A tract map of the development was approved by the New York State Health Department through its district sanitary engineer and filed in the Madison County Clerk's office. Following percolation tests it was determined that leaching cesspools, rather than drain fields, were to be used on the lots involved, to take

care of the flow from a septic tank, and the tract map so indicated. Upon digging the holes for the cesspools a peculiar type of fine sand was encountered, and after consultation between defendants' engineers and a sanitary engineer representing the Federal Housing Administration, it was decided to place the concrete blocks which lined the cesspools in a vertical position rather than a horizontal position to lessen the infiltration of sand to the interior. The expert for plaintiffs testified that this was not good engineering practice, and that normally the blocks are piled in such a way that the cores extend horizontally. However, the weight of the evidence by those who actually saw the conditions is the other way. The Alcotts went into possession about Christmas time in 1952. They encountered no trouble until March, 1954 when it became necessary to flush the toilet more than once to dispose of solids. Eventually they uncovered the cesspool and installed a tile drain field. The Schmunks went into possession on August 1, 1953. On the following day the toilet overflowed and a plumber, paid by the defendant, remedied the situation in one-half hour. Since then they have continued to use the system and have never uncovered the cesspool. They testified that after three or four months the toilet began to run slow. Of course, the mere fact that in either case, the toilet does not work properly after a long period of occupancy does not establish improper construction or breach of contract. There is persuasive testimony in the record that due to the long lapse of time before trouble developed the problem was one of maintenance rather than construction. Moreover, plaintiffs' expert was permitted to testify, over objection, to "the necessary cost of fixing the Alcott sewerage disposal unit so that it will work in a workmanlike manner". It is obvious from his testimony that he was basing his figures on the cost of installing a tile drain field, something which the defendant had not agreed to furnish and which was specifically excluded on the tract map. This is an improper measure of damage, and there is no competent evidence of damage to sustain the verdict in either case. (*Ciminelli* v. *Umland Bros.*, 236 App. Div. 154; *Pollock* v. *Queens Land & Title Co.*, 147 App. Div. 571.) Judgments reversed on the law and facts, and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.