210 So.2d 233 (1968)
Frank EDGAR, Appellant,
v.
A.J. HOSEA and Mary Sue Hosea, Individually and As Husband and Wife, Appellees.
No. 67-890.
District Court of Appeal of Florida. Third District.
May 14, 1968.
Ralph C. Nelson, Hialeah, for appellant.
Fowler, White, Collins, Gillen, Humkey & Trenam and Henry Burnett, Miami, for appellees.
Before PEARSON, BARKDULL and HENDRY, JJ.
PER CURIAM.
The principal issue in this cause is the proper measure of damages for breach of a building contract, when the contractor fails to construct a dwelling in accordance with his agreement.
The general rules relative to the measure of damages in this regard are set forth in 13 Am.Jur.2d, Building and Construction Contracts, § 79, as follows:
"Damages for defects or omissions in performance, generally.
"The fundamental principle which underlies the decisions regarding the measure *234 of damages for defects or omissions in the performance of a building or construction contract is that a party is entitled to have what he contracts for or its equivalent. What the equivalent is depends upon the circumstances of the case, among which is the consideration of whether the defect or omission is remediable without tearing down what has been done by the contractor and rebuilding.
"As a general rule, the measure of damages is the cost of correcting the defects or completing the omissions, rather than the difference in value between what ought to have been done in the performance of the contract and what has been done, where the correction or completion would not involve unreasonable destruction of the work done by the contractor and the cost thereof would not be grossly disproportionate to the results to be obtained. On the other hand, the courts generally adhere to the view that if a builder or contractor has not fully performed the terms of the construction agreement, but to repair the defects or omissions would require a substantial tearing down and rebuilding of the structure, the measure of damages is the difference in value between the work if it had been performed in accordance with the contract and that which was actually done, or (as it is sometimes said) the difference between the value of the defective structure and that of the structure if properly completed. Despite this latter rule, however, there is some authority to the effect that damages for a contractor's breach of a contract to construct a dwelling, where it is not constructed in accordance with the plans and specifications, are the amount required to reconstruct it to make it conform to such plans and specifications, rather than the difference in loan or market value on the finished dwelling, since unlike a commercial structure, a dwelling has an esthetic value and must be constructed as the owner wants it, even though the finished dwelling may be just as good." [emphasis added]
This cause falls in the latter category emphasized above and the verdict, being within the range of the evidence of the cost of repair, the judgment here under review be and the same is hereby affirmed.
Affirmed.