219 So.2d 87 (1969)
R.K. COOPER BUILDERS, INC., Appellant,
v.
FREE-LOCK CEILINGS, INC., Appellee.
No. 68-543.
District Court of Appeal of Florida. Third District.
February 18, 1969.
Rehearing Denied March 12, 1969.
Blackwell, Walker & Gray, and Melvin T. Boyd, Miami, for appellant.
Cunningham & Weinstein, Miami, for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was the defendant in a suit brought by the plaintiff-appellee in which the plaintiff sought payment for work performed and materials furnished in the construction of an apartment building, pursuant to a written contract between the parties. The complaint alleged that the plaintiff was prevented from completing its contract for the work and materials which it had agreed to supply. Plaintiff claimed that about $7,000.00 was due from the defendant for labor and material plaintiff *88 had furnished in partial performance of the contract.
The defendant filed its answer denying that it prevented the plaintiff from performing its contract and, to the contrary, alleged that the plaintiff was the breaching party in that it did not adequately man the job, keep progress with the other subcontractors, or keep adequate materials on the job.
Trial was had upon all the issues before the court without a jury, whereupon the trial judge made the following findings of fact and conclusions of law:
"1. On August 25, 1966, plaintiff and defendant entered into a contract whereby plaintiff was to install certain luminous fixtures for defendant.
"2. That the total amount of the contract together with extras was $9,249.33.
"3. That on or about January 23, 1967, and prior thereto, the plaintiff breached its contract with the defendant by failing to properly man the job and to otherwise promptly perform the obligations of its contract.
"4. That as of the date of the breach of its contract with the defendant, the plaintiff had been paid the sum of $3,130.65 and had issued to defendant a credit memorandum for $200.23.
"5. That as a direct and proximate result of plaintiff's breach of contract, the defendant employed Bernard Ceiling Company to perform the work remaining to be done under the contract, and paid the said Bernard Ceiling Company the sum of $5,681.34 for its services although the evidence disclosed the reasonable amount of money required to complete the work was $2,500.00.
"6. That there remains the sum of $2,653.84 which represents the difference between the unpaid compensation due to the plaintiff after deducting the costs necessary to complete the contract.
"CONCLUSIONS OF LAW
"1. Where a subcontractor voluntarily or unjustifiably fails to complete its contract, the general contractor or owner has the duty, as well as the right, to complete the work.
"2. The measure of damages where a general contractor or owner avails himself of the right to complete the work is the reasonable value of the work and material necessary to complete the contract, less any unpaid balance of the contract price.
"3. That the Plaintiff is not entitled to recover an attorney's fee for the reason that it breached its contract with the defendant, and for the further reason that the provisions upon which the plaintiff sought to rely as a basis for recovering attorney's fee is contained on the reverse side of the agreement between the parties; inserted after the signature of the parties and the testimony at the trial was to the effect that this provision was not brought to the attention of the defendant."
The defendant has appealed from the judgment and the plaintiff has filed cross-assignments of error. The basic dispute centers over the method by which trial court arrived at its damages figure.[1] It would serve no useful purpose to recite the contentions of the appellee as to what constitutes the correct measure of damages in this case. The appellant, on the other hand, argues and we agree that the issue is not really the reasonable value of the work and materials required to complete the job that controls. Instead, controlling weight should be given to the actual expenditures, made in good faith, that are necessary to complete the job covered by the original contract. But we *89 hasten to add that a mere showing of the actual expenses for completion is not determinative of the issue of damages, for the general rule permits the defaulting subcontractor to go forth with evidence in order to set off the cost of completion. Such evidence should go toward proving waste, extravagance, or lack of good faith, but the courts will not hear a defaulting subcontractor's claim that the party who was forced to complete the job spent too much absent evidence as to the above factors. See 17A C.J.S. Contracts § 512. This appears to be the better rule to us; it disposes of the appellant's contention that an owner (or general contractor, builder, etc.) forced to complete a job under a defaulted contract, is automatically entitled to recover for, or set off the balance due the contractor (subcontractor, material man, etc.) by, the entire amount expended. Under the afore-mentioned rule, the burden is first on the owner to show that a job was completed at a reasonable cost, or in good faith. Moreover, the amount actually expended must be proven with a reasonable degree of certainty. See Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 324 F.2d 669 (5 Cir., 1963), cert. denied, 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 178. After such a showing, the contractor claiming money due for services performed up to the time of the breach, may present evidence of the aforementioned factors to offset the owner's figures.
For the reasons stated the judgment is reversed as to damages and the cause is remanded for new trial on the question of damages.
Reversed and remanded.
PEARSON, Judge (dissenting).
I would affirm, because it appears to me that the trial judge did apply the very rule for measuring damages which the majority would have him apply in a new trial.
It is the duty of an appellant to demonstrate error in a final judgment. The appellant's only argument is that the trial court erred because in arriving at its judgment, it did not credit the appellant with the entire amount it paid the third party to complete the contract. The majority agree that the trial court was not required by law to so credit the appellant. Therefore the appellant has not demonstrated error. The judgment should be affirmed.
NOTES
[1] The court awarded the plaintiff the sum of $2,653.84, and apparently utilized amounts differing from those stated in the judgment to arrive at that figure.