FALK, JACK A., Associate Judge.
This is an appeal by the plaintiffs below from a $615.00 Final Judgment entered by the Civil Court of Record in a non-jury case. The plaintiffs were the purchasers under a deposit receipt contract wherein the defendant-appellees agreed to sell a residence for $40,000.00. After the contract was executed, the vendors refused to conclude the transaction and subsequently sold the residence to another party for $45,000.00.
The lower court refused to consider as an element of the plaintiffs’ damages the loss of the plaintiffs’ bargain, and profit made by the defaulting vendors on the second sale.
A motion for new trial as to damages alone was made, and denied by the trial court.
We think that the trial court erred in failing to consider evidence relating to the value of the property at the time of the breach in the form of a subsequent deposit receipt for the sale of the property. The general rule is that any evidence is admissible which proves or tends to prove any fact material to the issues. Evidence is the means by which some fact in question is established or disproved. 13 Fla. Jur. Evidence § 2. The lower court should have permitted into evidence the deposit receipt of the second sale as reflecting on the value of the property at the time of the breach. See Gassner v. Lockett (1958, Fla.) 101 So.2d 33. The case is reversed and remanded for a new trial as to damages only.