WALDEN, Judge
(dissenting):
I respectfully dissent. The trial court directed a verdict against plaintiff at the *391 close of plaintiff’s case, and entered judgment accordingly.
Plaintiff appeals. I would reverse and remand for a new trial.
Charles W. Rex Construction Co. built a bakery building for Golden Loaf Bakery. The contract specified the floor was to be of poured concrete having the strength of 3,000 pounds per square inch. The floor proved to be faulty, and Golden Loaf had the floor repaired by means of a vinyl latex resurfacing. Golden Loaf sued for damages, claiming as its only measure of damages the total repair cost of $42,000. At the close of plaintiff’s case, a verdict was directed for Rex on the grounds plaintiff had offered'an incorrect measure of damages. The trial court reached the conclusion that the proper measure of damages was the difference in value between the building as it was built, and as it should have been built. The court found the repair amount of $42,000 was out of proportion to the contract price of $88,000. The court based its ruling on a citation to Edgar v. Hosea, 210 So.2d 233 (3d D.C.A. Fla. 1968) :
“ ‘As a general rule, the measure of damages is the cost of correcting the defects or completing the omissions, rather than the difference in value between what ought to have been done in the performance of the contract and what has been done, where the correction or completion would not involve unreasonable destruction of the work done by the contractor and the cost thereof would not be grossly disproportionate to the results to be obtained. On the other hand, the courts generally adhere to the view that if a builder or contractor has not fully performed the terms of the construction agreement, but to repair the defects or omissions would require a substantial tearing down and rebuilding of the structure, the measure of damages is the difference in value between the work if it had been performed in accordance with the contract and that which was actually done, or (as it is sometimes said) the difference between the value of the defective structure and that of the structure if properly completed.’ ” Id. at 234.
This general rule is supported in McCormick on Damages, § 168 Defective Construction 647 (1935), in which the author states:
“The damages awarded to the owner for defective construction by the builder are measured
(a) If the defect is remediable without undue loss or expense, by the cost of repair or replacement;
(b) If the defect consists in such a departure from the plari as can only be remedied by an expense out of proportion to the good to be attained thereby, by the difference between the value of the building as it is, and its value if it had been built according to plan.”
See Annot. Construction Contracts— Breach' — Damages, 76 ALR2d 805, § 13 (1961).
I believe, however, the trial court conclusion was premature. The defendant had offered no evidence to show that the repair undertaken was not the most reasonable way to make plaintiff whole. The difference in building value measure of damages might have resulted in greater dollar damages. Plaintiff has claimed that the value of the building, as was, was (to the plaintiff) nothing, because the faulty floor rendered the building unsuitable as a bakery under state requirements for structures in the food processing industry.
Plaintiff gave evidence that to repair the concrete by means of concrete refinishing would have necessitated closing down the bakery operations, and any loss incurred thereby would have been a measure of damages. Prier v. Refrigeration Engineering Co., 74 Wash.2d 25, 442 2d 621 (1968). *392 In essence, plaintiff claims he has used the most reasonable means of repair.[1]
It is my opinion that to direct a verdict on the g-rounds plaintiff had proven an incorrect measure of damages was error, and that it was defendant’s duty to present any contradictory evidence in mitigation of those damages. If there was such evidence, plaintiff could not wholly recover, for no plaintiff can profit from a defendant’s breach. Ciminelli v. Umland Bros., Inc., 236 App.Div. 154, 258 N.Y.S. 143 (1932). In Ciminelli an owner could not recover the entire cost of repair when he replaced a faulty roof with one that had a longer guarantee than the one he had contracted for.[2]
The existence of mitigating circumstances and all related factors should be had before the jury, so that it might properly assess the plaintiff’s damage claim. R. K. Cooper Builders, Inc. v. Free-Lock Ceilings, Inc., 219 So.2d 87 (3d D.C.A.Fla.1969),[3] see Webster v. Culver Roadways, Inc., 359 N.Y.S.2d 863 (1974). It may well be that the plaintiff’s action in repairing saved thousands of dollars, or it may be that plaintiff overreached in its choice of repair. It may be that a less expensive, but equally satisfactory, method of repair could have been had, or that the proper measure of damages was the difference between the value of the building as was and as it should have been. These considerations cannot be evaluated before all the facts are broúght before the jury and the court. If the floor was faulty and if plaintiff did not prove the proper measure of damages, plaintiff should still recover in an amount equal to the proper measure of damages as found by the jury.
I would reverse and remand for a new trial.

. See Sea Ledge Properties, Inc. v. Dodge, 283 So.2d 55 (4th D.C.A.Fla.1973), in which an owner’s measure of damages for breach of construction where the contractor failed to complete the improvement in accordance with his contract was the
“difference between the contract price and the reasonable cost to the owner to complete the improvement in accordance with the contract.” Id. at 58. (Emphasis supplied.)
Sea Ledge is analogous, though it deals with completion rather than repair, as plaintiff here is claiming his measure of the damages is proper. He may be wrong, but we have been shown no circumstance in mitigation of his claim. Bee Reitano v. Peninsular Supply Co., 262 So.2d 710 (2d D.C.A.Fla.1972).

. The Oiminelli court then used the repair cost as evidence of the building value before and after repair. It appears the measure should have been the cost of reasonable repair. See McCormick on Damages, § 168 Defective Construction 650 (1935).

. In R. K. Cooper Builders, Inc. v. Free-Lock Ceilings, Inc., 219 So.2d 87 (3d D.C.A.Fla.1969) a disagreement between a contractor (who completed a job) and a subcontractor (who had allegedly failed to complete it properly) resulted in a holding that actual expense of completion was the measure of damages and that:
“a mere showing of the actual expenses for completion is not determinative of the issue of damages, for the general rule permits the defaulting subcontractor to go forth with evidence in order to set off the cost of oompletion. Such evidence should go toward proving waste, extravagance, or lack of good faith, but the courts mil not hear a defaulting subcontractor’s claim that the party who was forced to complete the job spent too much absent evidence as to the above factors." (Emphasis supplied.) Id. at 89.