358 So.2d 93 (1978)
GORY ASSOCIATED INDUSTRIES, INC., Appellant,
v.
JUPITER ROOFING & SHEET METAL, INC., a Florida Corporation, Frank Masiello and Eve M. Masiello, Jointly and Severally, Appellees.
No. 76-2513.
District Court of Appeal of Florida, Fourth District.
May 2, 1978.
*94 Larry A. Klein, West Palm Beach, and Alan J. Pollock, Deerfield Beach, for appellant.
James McC. Wearn of Wearn & Fulton, West Palm Beach, for appellee, Jupiter Roofing.
Luther M. Taylor of Ryan & Taylor, North Palm Beach, for appellees Masiello.
LETTS, Judge.
This appeal is from a judgment in favor of a homeowner, supposedly awarding, as damages, the sum necessary to replace a defective roof installation. We reverse in part and remand.
The homeowner, by profession himself an architect, here sought to build a house, acting as his own general contractor. In the process he engaged a roofing company to furnish a roof for $7,070 using a certain type of tile, which tile in turn, was to be supplied to the roofing company by the appellant tile manufacturer for $1,883. Apparently, the original tile ordered was unavailable and a substitute used. There is conflict in the evidence as to whether the homeowner/architect approved the substitute and it is also disputed as to whether the substitute tile was, in fact, defective. A nonjury trial was held and a judgment resulted, against the tile manufacturer, in favor of the homeowner for $7,000 and also in favor of the cross claimant roofing company for its $7,070 contract price. There was undisputed evidence that the removal of the alleged defective roof and a replacement thereof would cost $11,250.
In the light of our ruling, it is unimportant to resolve whether or not the homeowner/architect approved the substitute tile. However, in passing we would note that he certainly ratified the choice by personally inspecting the tile and observing its day after day installation, over a protracted period.
In our opinion, there is sufficient evidence in the record to support a conclusion by the trial judge that the roof was defective and in need of replacement, because of fading, discoloration and the appearance of "efflorescence." This being so, we cannot find his decision to be an abuse of discretion, particularly since he went to view the roof for himself. It is true that the trial judge, in his final judgment for the homeowner/architect, makes no mention of which count or counts in the counterclaim he based his decision on. However, the award cannot be for the repair of leaks, because there is nothing in the record to support an award of $7,000 to repair them. Nor can it be for reimbursement for the $7,070 contract price of the roof, not only because the sum of $7,000 does not match said price, but also because the homeowner/architect has yet to pay any sums towards the construction of the roof, so he cannot expect reimbursement. Accordingly, the award must be directed towards the cost of replacement. This being so, the correct figure is not $7,000, but $11,250, less, however, the $7,070 which the homeowner/architect was supposed to pay for a satisfactory roof. This subtraction of $7,070 is necessary because the final judgment has also directed that this latter sum be paid to the roofing company thereby satisfying the homeowner's obligation as to it.
The appellant also argues that the award of damages, in this case, should not be for replacement and must instead be *95 measured in terms of the diminution of the value of the house, because of the discolored tile, vis-a-vis its value, if the roof were satisfactory. To this end, appellant cites the case of Edgar v. Hosea, 210 So.2d 233 (Fla. 3rd DCA 1968). However, that same case specifically recognized that there is authority for the proposition that the measure of damages can be the amount necessary to make the building conform to the specifications as ordered, especially if that conformance does not "... involve unreasonable destruction of the work done ... and the cost thereof would not be grossly disproportionate to the results to be obtained." Edgar v. Hosea, supra. (at p. 234) [see also Ray v. Dock and Marine Construction, 183 So.2d 237 (Fla. 3rd DCA 1966)] There is nothing in the record to reflect that the $11,250 required to replace the roof is grossly disproportionate to the value of the entire house. Thus we cannot say that the results to be obtained involve unreasonable destruction of work done disproportionate to the results to be obtained.
We would comment that we are sympathetic to a replacement of defective work. If a proud householder, who plans to live out his days in the home of his dreams, orders a new roof of red barrel tile and the roofer instead installs a purple one, money damages for the reduced value of his house may not be enough to offset the strident offense to aesthetic sensibilities, continuing over the life of the roof.
Accordingly, this cause is reversed and remanded to the trial judge for the entry of an appropriate judgment which shall amend paragraph 2 thereof so as to grant the counterclaim in favor of the homeowner/architect for $4,180 instead of $7,000.
The remainder of said judgment, specifically paragraph 1 and paragraphs 3 through 6, is affirmed.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
ANSTEAD, J., and MINER, Jr., Associate Judge, concur.