375 So.2d 293 (1979)
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
LEE CONSTRUCTION COMPANY OF SANFORD and the Ohio Casualty Insurance Company, et al., Appellees.
No. 78-549.
District Court of Appeal of Florida, Second District.
May 30, 1979.
*294 John T. Allen, Jr., St. Petersburg, for appellant.
Patrick O. Killian of Young, Turnbull & Linscott, Orlando, for appellees.
BOARDMAN, Judge.
Appellant/plaintiff Pinellas County appeals the final judgment awarding it $3,820.76 plus interest entered against appellees/defendants, Lee Construction Company of Sanford (Lee) and Lee's insurer Ohio Casualty Insurance Company.
Lee and Pinellas County entered in a contract for the construction of a pumping station. Lee guaranteed all equipment and work to be free from defects in workmanship, design, and materials for one year. The plans and specifications required that the underground electrical system was to be contained in a dry environment. Within one year of acceptance of the station by Pinellas County water began leaking into the electrical system.
The original cost of the system was $3,820.70. However, because part of the station would have to be dismantled to correct the defects in the underground system it would have cost between $60,000 and $80,000. Installation of an overhead electrical system proved to be a significantly cheaper method of providing a dry environment. Pinellas County contracted for such a system at $25,278.16 including cost of design. There was uncontroverted testimony from an employee of the company which installed the overhead system that a cheaper overhead system could have been installed for $12,000 plus design costs which would meet the requirement that the electrical system be housed in a dry environment.
The proper measure of damages in this case is the reasonable cost of remedying the defective construction. See, e.g., B & J Holding Corp. v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1977); Edgar v. Hosea, 210 So.2d 233 (Fla. 3d DCA 1968); 13 Am.Jur.2d Building and Construction Contracts § 80. Since a dry environment could have been provided for $12,000 plus design costs, we hold that this amount plus interest is the proper award of damages.
Accordingly, the final judgment is reversed and the cause remanded for proceedings consistent with this opinion.
HOBSON, Acting C.J., and DANAHY, J., concur.