399 So.2d 525 (1981)
TEMPLE BETH SHOLOM AND JEWISH CENTER, INC., a Nonprofit Florida Corporation, Appellant,
v.
THYNE CONSTRUCTION CORP., a Dissolved Florida Corporation; Seaboard Surety Company, a New York Corporation; and Marsh Roofing Company, Appellees.
No. 80-1688.
District Court of Appeal of Florida, Second District.
June 10, 1981.
A. Lamar Matthews, Jr. and Charles D. Bailey, Jr. of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellant.
Henry P. Trawick, Jr. of Trawick & Griffis, P.A., Sarasota, for appellees Thyne Construction Corp. and Seaboard Surety Co.
John M. Strickland of Livingston, Patterson & Strickland, P.A., Sarasota, for appellee Marsh Roofing Co.
GRIMES, Judge.
This case involves a dispute between an owner, its general contractor, and a roofing subcontractor over the installation of a defective roof.
Temple Beth Sholom and Jewish Center, Inc., contracted with Thyne Construction Corporation to build a sanctuary and social hall. The contract called for the installation of an asphalt roof membrane over a *526 concrete roof deck. Thyne subcontracted with Decks, Inc., to install the deck for $11,735 and with Marsh Roofing Company to install the membrane for $10,955. Less than a year after construction, the roof began to leak. The leaks eventually became so bad that they forced the replacement of the roof. Temple removed the entire membrane and substituted one of a different design which cost $72,000.
Alleging a breach of contract, Temple sued Thyne and Seaboard Surety Company for damages arising from the construction of the defective roof. Thyne and Seaboard then filed third party claims against Decks and Marsh alleging that if the defects in the roof existed, one or both of the third party defendants were responsible. Following a nonjury trial, the court entered a final judgment in favor of Temple against Thyne and Seaboard for $10,000. The court exonerated Decks but ruled that Thyne and Seaboard were entitled to recover $5,000 from Marsh on their third party claim. Temple filed an appeal attacking the adequacy of the judgment. Thyne and Seaboard, on the one hand, and Marsh, on the other, cross-appealed against each other.
While the final judgment made no findings, a reading of the judge's remarks at the conclusion of the hearing indicates that he was influenced by the original contract price for the membrane. Also, he apparently reduced Temple's recovery because he thought that Temple's representatives had pressured the contractor into putting on the roof at a time when the rainy weather conditions dictated the need for delay.
The proper measure of damages for construction defects is the cost of correcting the defects, except in certain instances where the corrections involve an unreasonable destruction of the structure and a cost which is grossly disproportionate to the results to be obtained. Gory Associated Industries, Inc. v. Jupiter Roofing & Sheet Metal, Inc., 358 So.2d 93 (Fla. 4th DCA 1978); Edgar v. Hosea, 210 So.2d 233 (Fla.3d DCA 1968). If in the course of making repairs the owner elects to adopt a more expensive design, the recovery should be limited to what would have been the reasonable cost of repair according to the original design. Cf. Pinellas County v. Lee Construction Co., 375 So.2d 293 (Fla.2d DCA 1979), in which this court reversed a judgment which had limited the award for construction defects to the contract price and permitted recovery of the cost of the most reasonable method for remedying the defects.
Temple's consulting engineer from Massachusetts estimated that it would have cost $39,000 to replace the roof according to its original design. This figure was subject to some criticism as not reflecting local construction costs. It is obvious, however, that the cost of making reasonable repairs would have far exceeded the amount of the judgment. Moreover, the court failed to take into account the damage caused inside the building by the water leakage.
Any reduction of Temple's recovery because of the conduct of its own representatives was based upon a misapprehension of the evidence. While the record reflects the possibility that Thyne may have pushed Marsh into putting on the membrane before the weather conditions were suitable, there is absolutely no evidence that Temple pressured anyone towards an early completion.
We affirm the judgment insofar as it holds Thyne and Seaboard liable to Temple for damages arising from the faulty roof construction. We reverse the amount of the award and remand the case for a new trial on damages in which Temple will be entitled to recover what it would have reasonably cost to replace the roof according to the original design, together with any engineering and architectural fees reasonably necessary to accomplish the repair. In addition, Temple will be entitled to recover for the damages to the interior and contents caused by the leaky roof. In view of our disposition of Temple's appeal, we also reverse the judgment for Thyne and Seaboard against Marsh and remand for a redetermination of the amount of damages owing on the third party claim.
SCHEB, C.J., and RYDER, J., concur.