400 So.2d 536 (1981)
C.A. DAVIS, INC., and Insurance Company of North America, Appellants,
v.
CITY OF MIAMI, Etc., et al., Appellees.
No. 80-693.
District Court of Appeal of Florida, Third District.
June 23, 1981.
Rehearing Denied July 24, 1981.
*537 Horton, Perse & Ginsberg and Edward A. Perse; Welbaum, Zook, Jones & Williams and W. Frank Greenleaf, Miami, for appellants.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Ellen C. Freidin, Miami, for appellees.
Before BARKDULL, DANIEL S. PEARSON, and FERGUSON, JJ.
BARKDULL, Judge.
Plaintiff and counter-defendant, C.A. Davis, Inc., and counter-defendant, Insurance Company of North America [INA], appeal from a final judgment entered in favor of the defendant/counterclaimant, City of Miami [City]. A cross appeal has also been filed by the City.
*538 This appeal concerns a contract between the City and Davis, under which Davis was to landscape and to place new tiles on the sidewalk along Flagler Street in downtown Miami. Under the contract, the City provided Davis with the "best available records" showing the "... locations or grades of underground structures, utilities, foundations ..." in the area. However, Davis was to "... bear all losses resulting to him on account of ... existing underground installations being different from what he anticipated ...".[1] One hundred-eighty days was specified under the contract for completion of the project, and time was said to be of the essence.
Davis contends that, from the beginning, it was impeded and delayed in its work, due mainly to utility installations and building foundation problems which were improperly detailed or omitted on the plans supplied to it by the City. Furthermore, Davis contends that the City hid behind the contract provision (which placed the burden for such problems on Davis), even though the City had knowledge of the problems. Finally, Davis argues that the tiles selected by the City would not stay down properly, although they were laid according to contract specifications. In the face of these problems and with only a portion of the contract completed, Davis walked off the job. Davis had been paid at various stages for those portions it had completed prior to walking off the job.
Thereafter, by use of new (different) tiles, another contractor completed the project. Davis sued the City for breach of contract in failing to provide adequate plans and specifications and in failing to cooperate, thereby hindering Davis' performance. Davis sought the balance due on the contract, damages for delay, and compensation for work performed beyond that *539 required by the contract. The City filed a general denial, counterclaiming against Davis and its surety, INA, for breach of contract; specifically the cost of completion.[2] The City defended and failed a counterclaim seeking damages for delay, in accordance with the provisions of the contract.[3]
A jury verdict was entered adverse to the plaintiff and for the defendant and counter-plaintiff, City, against Davis but was silent as to the surety. Subsequently, a final judgment was rendered on the verdict in favor of the counter-plaintiff and against the counter-defendants, Davis and its surety.[4] This appeal ensued.
The appellant, Davis, contends: (1) That it was error to rule that the contract precluded Davis from introducing evidence concerning delays and costs resulting from underground obstruction encountered during the project; it was also error to deny Davis' requested instruction on this issue. (2) That it was error to hold that Davis, alone, had a duty to secure utility company cooperation with regard to underground obstructions encountered on the project, and it was error to refuse Davis' requested jury instruction concerning the City's duty to cooperate in Davis' performance of the contract. (3) That it was error not to allow evidence that the City did not properly mitigate its cost of completion and other damages.
The appellant, INA, contends that it was error to enter a judgment against it, where that party was neither mentioned in the jury instructions nor on the jury verdict form.
We affirm as to the main appeal and reverse as to the cross appeal for the reasons hereinafter stated.
It was proper to hold that Davis could not claim damages for delay due to inaccuracies in the plans, where such damages and delays were not properly presented and proved. The law in Florida is that so long as a public authority does not willfully or knowingly delay job progress it will avoid liability under a "no damage for delay" clause. See: McIntire v. Green-Tree Communities, Inc., 318 So.2d 197 (Fla.2d DCA 1975). Davis was unable to present evidence showing any specific delay caused by the City; the court correctly refused to instruct the jury on Davis' claims for delayed damages. See: Luster v. Moore, 78 So.2d 87 (Fla. 1955), for the proposition that a jury instruction on a particular theory of the case will not be given where there is no competent evidence to support it. Furthermore, the cases cited by Davis are inapplicable because in none of them did the court discuss the validity or effect of a "no damages for delay" clause. In the present case, unlike the cases cited by Davis, there was no implied warranty with regard to the plans nor was there any misrepresentation in the plans. The court correctly refused to instruct the jury on the City's duty to cooperate where there had been no evidence that the City had failed to cooperate. The evidence before the court demonstrated that the City repeatedly and routinely cooperated in an effort to keep the project going. In fact, the City had no implied duty to do Davis' work, but only a duty not to hinder or impede that work. See: Casale v. Carrigan and Boland, Inc., 288 So.2d 299 (Fla. 4th DCA 1974). The court correctly refused to allow Davis to present evidence concerning the quality of the tile or concerning the tile installation by the successor contractor. Davis, as the defaulting contractor, may not claim that the City spent too much to complete the project absent *540 evidence of waste, extravagance or lack of good faith. See: R.K. Cooper Builders, Inc. v. Free-Lock Ceilings, Inc., 219 So.2d 87 (Fla.3d DCA 1969).
The court correctly ruled that INA was liable, as a matter of law, to pay the City for the damage it suffered as a result of Davis' work and it correctly entered a judgment against INA. INA neither requested a jury instruction regarding its liability nor objected to the special verdict form (omitting its name) which was presented to the jury. Therefore, INA may not now be heard to complain that the verdict was improper or that judgment should not have been entered against it. See: Tidwell v. Toca, 362 So.2d 85 (Fla.3d DCA 1978).
As to the cross appeal, it was error to prevent the City from amending its counterclaim, specifically to state its claim for delay, some seven months prior to the trial and where such an amendment would have caused no prejudice or surprise to Davis. Later, at trial, when the evidence supporting the claim was admitted without objection, leave to amend should have been given freely. See: Fla.R.Civ.P. 1.190(a) and (e). When Davis failed to object to evidence presented on this subject, the issue was thereby tried by implied consent and the jury should have considered it. See: Free Bond, Inc. v. Comaza International, Inc., 281 So.2d 61 (Fla.3d DCA 1973).
The final judgment under review in the appeal taken by Davis and INA be and the same is hereby affirmed. So much of the final judgment as relates to the counterclaim by the City be and the same is hereby reversed, and the cause remanded for a new trial solely on the issue of the damages, if any, that the City suffered under the penalty provisions of the contract. In this context, a subsequent jury or finder of the fact may be informed of the amount the City has already recovered under the judgment herein.
Affirmed in part, reversed in part, with directions.
NOTES
[1] CONDITIONS-SEC. 5-1
The locations or grades of underground structures, utilities, foundations, etc., as shown on the Plans, are taken from the best available records. The City shall not be held accountable for inaccuracies or omissions in the locations or grades of existing underground structures, utilities, foundations, etc. No claim is to be made by the Contractor for damage on account of the proximity to, leaking from or delay caused by underground structures, utilities, foundations, etc.
GENERAL CONDITIONS-SEC. 6-9
The Contractor shall take into account all contingent work which has to be done by other parties arising from any cause whatsoever and shall not plead his want of knowledge or said contingent work as an excuse for delay in his work, or for non-performance.
GENERAL CONDITIONS
7-2 RESPONSIBILITY OF THE CONTRACTOR.
7-2.1 PROSECUTION OF THE WORK. The Contractor shall be responsible for the good condition of the Work until his release from his obligations. He shall bear all losses resulting to him on account of the amount or character of the Work, the character of the ground or existing underground installation being different from what he anticipated, or on account of the weather or the elements.
SPECIAL PROVISIONS
2.24 COVER OVER EXISTING UNDERGROUND STRUCTURES.
All underground information shown on the Plans is as complete and accurate as can be shown from the existing records. Certain structures may not be located precisely as shown, or may be omitted entirely.
Caution shall be exercised by the Contractor in grading operations, as some existing underground utilities have a minimum cover. The Contractor shall be responsible for replacing any underground facility broken or dislocated during construction for which sufficient underground information has been shown on the plans.
CONSTRUCTION METHODS
400 LOCATION OF UTILITIES AND CONTROLS EXERCISED.
400-1 Utility Control and Protection: The Contractor shall notify each utility company at least two weeks prior to the start of construction to arrange with each utility for positive underground locations, relocation if required, or support and protection of its utility, where that utility may be in conflict with the proposed construction. Moving any water mains or valves for the convenience of the Contractor shall be negotiated and paid for by the Contractor.
The Contractor shall schedule his work in such a manner that he will not be delayed by the utility companies' relocating, protecting or supporting their facilities. No compensation shall be made for such loss of time.
All underground information shown on the Plans is as complete and accurate as can be determined from existing records. However, because of conflicting and sometimes erroneous information, certain structures may not be located precisely as shown, or may be omitted entirely from the Plans."
[2] Based on the cost incident to laying the originally selected tiles, not the cost of laying the subsequently selected tiles which were laid by the successor contractor.
[3] Penalty of $100.00 per day for delay.
[4] At the time of the charge conference, the City requested an instruction that if the jury returned a verdict in favor of the counter-plaintiff it should render a verdict against both the contractor (Davis) and its surety (INA). A colloquy occurred and the trial court indicated that such an instruction was not necessary; that if there was a verdict against Davis because of the terms of the surety undertaking, it would also be against INA. All parties acquiesced in this statement by the court.