402 So.2d 1277 (1981)
MIAMI-DADE WATER AND SEWER authority, Appellant,
v.
INMAN, INC., a Florida Corporation, Appellee.
No. 81-405.
District Court of Appeal of Florida, Third District.
August 11, 1981.
Rehearing Denied September 11, 1981.
Worley & Gautier and Henry H. Harnage, C. Jan Strayhorn, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Rubin & Rubinchik, Hollywood, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Inman, Inc., a contractor, entered into contracts with Miami-Dade Water and Sewer Authority, an agency of Dade County, Florida, under which Inman was to install wastewater force mains (sewer pipes). After Inman completed the project, it sued the Authority for additional moneys, alleging, inter alia, that the project drawings supplied to it by the Authority were in many instances in error as to the location of existing utilities or failed to show existing utilities, which resulted in Inman incurring additional costs due to delay and extra work.[1] The Authority admitted these allegations, but denied liability, relying in part on a provision of the contracts which stated:
"Information shown on the Drawings as to the location of existing utilities has been prepared from the most reliable data available to the Engineer. This information is not guaranteed, however, and it shall be this Contractor's responsibility to determine the location, character and depth of existing utilities. He shall assist the utility companies, by every means possible to determine said locations and the locations of recent additions to the systems not shown. Extreme caution shall be exercised to eliminate any possibility of any damage to utilities resulting from his activities. The location of all overhead utilities shall be verified and the Engineer notified of any conflict which might occur. The Contractor shall be responsible for determining which poles will need shoring during excavation *1278 and shall provide such shoring and support as is required."
The trial court granted a summary judgment determining the issue of liability in favor of Inman. It found, sub silentio, the Authority's admission of errors in the plans respecting the utilities eliminated all genuine issues of material fact and that, as a matter of law, the Authority could not rely on the disclaimer in the foregoing provision of the contracts or any exculpatory clauses found elsewhere in the contracts. We reverse.
The quoted provision of the contract between Inman and the Authority does not represent that the location of existing utilities is as shown on the plans. It simply represents that information pertaining to location "has been prepared from the most reliable data available to the Engineer." The fact, then, that the location is not as shown does not result in the Authority's liability unless the disclaimer is one that is, as the trial court implicitly found, inoperative as a matter of law.
Inman argues that United States v. Spearin, 248 U.S. 132, 39 S.Ct. 59, 63 L.Ed. 166 (1918), and United States v. Atlantic Dredging Company, 253 U.S. 1, 40 S.Ct. 423, 64 L.Ed. 735 (1920), and their progeny in this state, Jacksonville Port Authority v. Parkhill-Goodloe Co., Inc., 362 So.2d 1009 (Fla. 1st DCA 1978), and Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978), stand for the proposition that admonitory, exculpatory or disclaimer clauses in agreements between a governmental authority and contractors are invalid. We disagree. The holdings of this line of cases relied on by Inman are, instead, that such admonitory, exculpatory or disclaimer clauses which require the contractor, e.g., to examine the site, to check the plans, and to assume responsibility for the work, will not be allowed to defeat or overcome a contractor's justifiable reliance on an express or implied warranty or representation made by the contracting authority. Thus, the rule of Spearin, et al. is that a contractor is relieved from the impact of such contract clauses only when it is first misled.[2] If, however, there is no misleading, a disclaimer or like clause, not invalid per se, see C.A. Davis, Inc. v. City of Miami, 400 So.2d 536 (Fla. 3d DCA 1981) (Case No. 80-693, opinion filed June 23, 1981), may be interposed to negate the liability of the contracting authority. On the record now before us the only representation said to have been made by the Authority is that the information on the plans concerning existing utilities was prepared from the most reliable data available to the Engineer. It is neither alleged nor made to appear that that representation was false or misled Inman, or that other representations were made, or information withheld, which might preclude the Authority from further reliance on the disclaimer.
Reversed and remanded.
NOTES
[1] Three counts relating to three separate but identical contracts covering different areas are the only counts of Inman's multicount complaint involved in this appeal.
[2] In Jacksonville Port Authority v. Parkhill-Goodloe Co., Inc., supra, the port authority withheld from prospective bidders information known to it that another dredging contractor, in an adjacent area, had encountered extensive rock in dredging to the required depth. In Town of Longboat Key v. Carl E. Widell & Son, supra, a report supplied by the town wrongfully represented that the area where the lift station was to be built could be kept dry during construction by pumping the water out. In United States v. Atlantic Dredging Company, supra, the boring samples supplied were accompanied by an expression of belief and conduct confirming that expression that the samples were accurate and the foundation reliable. In United States v. Spearin, supra, the contract itself which prescribed the character, dimensions, and location of the sewer imported a warranty that if the specifications were complied with, the sewer would be adequate. In each of these cases the contractor was misled by affirmative misrepresentations or conduct, or by withholding of available information, preventing the other party from reliance on the exculpatory clause or disclaimer. Concededly, when the true state of affairs materially differs from the represented state of affairs, the contractor will be entitled to recover under a usual "changed conditions clause," Town of Longboat Key v. Carl E. Widell & Son, supra. But such a clause is triggered only where an inaccurate representation is relied on, not where there has been no representation, or, as in Bumby & Stimpson, Inc. v. Peninsula Utilities Corporation, 169 So.2d 499 (Fla. 3d DCA 1964), the contractor relies on its own inadequate investigation.