GLICKSTEIN, Judge,
concurring in part and dissenting in part.
There are three issues in this case. The first is whether the trial court had record evidence upon which to conclude that the developer and the paving contractor had orally agreed that the latter was to install driveways which were ten feet in width. All of us agree that it did.
The second is whether we should conclude that the trial court was correct in implicitly holding that the contractor had failed to carry its burden of proving the affirmative defense of waiver.[1] All of us agree that to reverse the trial court, it would be necessary to hold the facts establish waiver as a matter of law. None of us is prepared to do that, notwithstanding the fact that the developer did nothing throughout 1980 to object to the width of the ninety driveways which had been installed in increments, and paid the contractor the agreed price of $150.00 per driveway after completion of each increment without any measure of any driveway’s width. Only when the homeowners’ association complained about the width in late 1981 or early 1982 did the developer approach the contractor with a complaint and then offer to pay the contractor $100 per driveway to correct the problem. At that point, the rupture occurred in the parties’ communication which precipitated the litigation; as the contractor, which denied the existence of an obligation to provide ten feet of paving, was only willing to correct some of the driveways and at a price of $125. The developer retained a third party to correct the problem, paid the party $190 per driveway for the correction and successfully sued the contractor for $14,250 ($190 X 75).
The third issue concerns the measure of damages. The record suggests the method appellant intended to use to widen the driveways involved less tampering with work already done than the method used by the contractor appellee retained. Because the original paving was done for only $150 per driveway, I would question whether the trial court properly applied the appropriate measure of damages which was set forth by the Florida Supreme Court in Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla.1982).
In Grossman the Supreme Court adopted subsection 346(l)(a) of the Restatement (First) of Contracts (1932). For defective construction of a specified product, the measure of damages is either (1) the reasonable cost of construction in accordance with the contract, if this is possible and does not involve unreasonable economic waste, or (2) the difference in value between the product contracted for and the performance received. Id. at 1039.
I would remand for the trial court to determine whether the method employed to correct the defect involved unreasonable economic waste; and, if there was such waste, to determine and award the value of *2 damages as calculated by the second method stated in Grossman.

. A straightforward disquisition on waiver in this context is found at 5 Williston on Contracts 724 (3d ed. 1961).