FENNELLY, JOHN E., Associate Judge.
Steven Andalora, defendant below, appeals from an adverse jury verdict. Joseph Lindenberger, plaintiff below, cross appeals and alleges error in post trial rulings of the trial court. We reverse.
Andalora and Lindenberger, in March or April of 1987, entered into an oral contract for the construction of a residence for An-dalora. During construction, extras, including a pool, were added. In September of 1987, a certificate of occupancy was issued and at that juncture, Andalora had paid a total of $98,500 to Lindenberger. In January of 1988, Lindenberger drafted a final statement that was signed by both parties showing a balance due of $9,547.66. Andalora, based on alleged defects in the pool and home, refused final payment until repairs were made. Lindenberger sought to foreclose his mechanics lien and Andalo-ra counterclaimed for breach of contract, breach of warranty, and negligence in the construction of the dwelling.
At trial, over objection on relevancy grounds, the trial court admitted evidence concerning the value of appellant’s home as of June 19, 1989. The jury was also instructed on the issue of the value of the home. The trial court considered the evidence and instruction relevant as to the measure of appellant’s damages for defects in the home.
The Florida Supreme Court, in Grossman Holdings, Ltd. v. Hourihan, 414 So.2d 1037 (Fla.1982), adopted the view as to the measure of damages for improperly constructed residences offered by the Restatement (First) of Contracts. Subsection 346(l)(a) of the Restatement provides:
(1) For a breach by one who has contracted to construct a specified product, the other party can get judgment for compensatory damages for all unavoidable harm that the builder had reason to foresee when the contract was made, less such part of the contract price as has not been paid and is not still payable, determined as follows:
(a) For defective or unfinished construction he can get judgment for either
(i) thé reasonable cost of construction and completion in accordance with the contract, if this is possible and does not involve unreasonable economic waste; or
(ii) the difference between the value that the product contracted for would have had and the value of the performance that has been received by the plaintiff, if construction and completion in accordance with the contract would involve unreasonable economic waste.
Those damages, in turn, should be measured as of the date of the breach. Hourihan, 414 So.2d at 1040.
The record in this case is devoid of any evidence that costs to cure would result in economic waste. Therefore, evidence of value as of 1989 was clearly irrelevant. The damages should have been measured as of the date of the breach rather than almost one and a half years later. The incorrect measure of damages in and of itself warrants reversal. Because this matter may be retried, we offer the following observations.
At trial, over objection, Lindenberger was allowed to testify concerning his willingness to correct certain punch list items. The relevancy of this testimony, under section 90.403, Florida Statutes (1978), is tenuous at best. The material issues in this contract case involved the alleged breach by both parties, nothing more. A party’s professed willingness to, post-trial, correct unspecified “minor defects,” in our view, could certainly confuse and mislead the fact finder.
During cross-examination of appellant’s expert, Roger Miller, appellee sought *356 to impeach Miller’s testimony concerning the effect of improper workmanship on the warranty given by the shingle manufacturer. The chosen vehicle was a letter from the manufacturer, Owen’s Corning, that the warranty on the shingles was intact. This letter was excluded on hearsay grounds and because it was not listed in the pretrial catalog. The court then cautioned counsel not to elicit the contents of the letter on cross-examination. Thereafter, Lindenberger elicited the following question and answer from him:
Q. Have you received any indication from Owen’s Corning that, is there any problem with the roof as far as warranty?
A. No. In fact, they sent me a letter.
This improper reference to the letter was in direct violation of the trial court’s ruling. The central issue in the appellant’s defense was the unworkmanlike manner in which the home, including the shingles and roof, had been built. The reference to the unauthenticated, undisclosed document was used for only one purpose, to establish that the roof and the shingles were properly built and that Owen’s Corning had said so in a letter. The conclusion is inescapable that the document was used, albeit surreptitiously, to assert the truth of the matter contained therein. This constituted impermissible use of hearsay evidence. § 90.801, Fla.Stat. (1981).
As the question of the proper measure of damages permeated this entire trial, the trial court’s post trial action must also be set aside.
This entire cause is therefore reversed and remanded for a new trial.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.