LETTS, Judge.
After a bench trial, final judgment was entered in favor of the homeowners against a builder, the latter fired from a job involving extensive renovation of a fifty-year-old house. The trial court found the builder had breached his contract, had been negligent in his work, had failed to properly supervise the construction and had violated many applicable building codes. We affirm with one minor exception.
Without further discussion, we conclude that there is competent and substantial evidence in the record to support the trial judge’s conclusion and we believe he also correctly followed the law laid down by our supreme court in Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037 (Fla.1982).
There is, however, one item of damages included in the final judgment with which we disagree. Namely, the “closing costs for new construction financing” of $16,040.50. These costs were incurred in securing secondary financing to enable completion of the renovation and effect redress for the builder’s substandard performance and default. It is not that we would never find such closing costs to be appropriate. On the contrary, see Nebraska Public Power District v. Austin Power, Inc., 773 F.2d 960 (8th Cir.1985); Young v. Johnston, 475 So.2d 1309, 1313 (Fla. 1st DCA 1985). However, they are not appropriate in the case at bar because the project was enlarged when the replacement contractor was hired to encompass further renovations and change orders not contemplated in the original contract upon which the builder defaulted. These change orders and further renovations inevitably increased the final cost and we are unable to determine from the record what portion of the additional financing, and the cost thereof, bore a direct relation to remedying the *661 default under the original contract as distinct from additional renovations under the enlarged contract. We therefore conclude that the instant controversy is more compatible with a case out of this court which held that costs incurred, for additional improvements over and above those contemplated by the original contract, could not be considered when assessing damages. Georgia-Pacific Corp. v. Squires Development Corp., 387 So.2d 986 (Fla. 4th DCA 1980).
We therefore reverse in part and remand for entry of an amended final judgment reducing the damages by $16,040.50. We find no merit in the other point on the main appeal.
Turning now to the cross appeal, we think the trial court erred in not awarding prejudgment interest. Such interest can be awarded in ex-contractu actions and, for the purpose of assessment thereof, a claim becomes liquidated and susceptible to prejudgment interest when the verdict has the effect of fixing damages as of a certain date. Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Argonaut is applicable here. However, as conceded at oral argument by the homeowner, “the interest [on the second mortgage] for period of delay attributable to defendants” in the sum of $8,637.00 does not permit of prejudgment interest under the facts of this case.
We therefore reverse and remand this cause for the entry of an amended final judgment awarding prejudgment interest from the date of the breach with the exception of the $8,637.00 referred to in the preceding paragraph. Needless to say, this calculation of prejudgment interest shall likewise exclude the $16,040.50 discussed earlier in this opinion.
AFFIRMED IN PART; REVERSED IN PART.
GUNTHER and GARRETT, JJ., concur.