DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HARUTYUN HOVANNESIAN,**
Appellant,

v.

**PENNYMAC CORP.** and **TENI HOVANNESIAN,**
Appellees.

No. 4D14-3088

[ April 27, 2016 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 2009CA038927XXXXMB.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellant.

Nancy M. Wallace, Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for Appellee PennyMac.

TAYLOR, J.

We affirm the final judgment of foreclosure in part, concluding that PennyMac had standing to enforce the Note and that the trial court did not abuse its discretion in admitting a loan acquisition screenshot into evidence. However, because certain categories of damages awarded in the final judgment were not proven by competent substantial evidence, we reverse and remand for a determination of the correct amounts owed.

The evidence of damages at trial consisted of the loan payment history and PennyMac's witness's testimony that the figures in the proposed final judgment were accurate. The proposed final judgment was not admitted into evidence.

We conclude that the principal balance, the taxes, and the insurance premiums awarded in the final judgment were supported by competent substantial evidence—namely, the payment history that was entered into evidence. But the other damages awarded in the final judgment—including interest, attorney's fees, and other miscellaneous expenses—

were not supported by competent substantial evidence. The appropriate remedy is to reverse and remand the judgment for further proceedings to properly establish the correct amount due and owing. *See McMillan v. Bank of New York Mellon*, 180 So. 3d 1090, 1091–92 (Fla. 4th DCA 2015) (affirming the foreclosure judgment, but reversing as to the amounts in the final judgment relating to certain forms of damages that were not proven by competent substantial evidence, and remanding "for further proceedings to determine the amounts owed"); *Peuguero v. Bank of Am., N.A.*, 169 So. 3d 1198, 1200, 1203–04 (Fla. 4th DCA 2015) (where loan payment history was submitted into evidence which reflected the amount of principal owed on the loan but not the amount of interest accrued, the proper remedy was to remand for further proceedings to properly establish the damages owed); *Boyette v. BAC Home Loans Servicing, LP*, 164 So. 3d 9, 11 (Fla. 2d DCA 2015) ("Default is established in this case, and the amount of principal, hazard insurance premiums, late charges, and taxes are supported by competent, substantial evidence. But because the other costs, namely interest, property inspection fees, and the attorney fees, are not, we reverse and remand the judgment for further proceedings to properly establish the amounts allegedly due and owing.").[1]

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN, C.J., and KLINGENSMITH, J., concur.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We have considered *Wolkoff v. American Home Mortgage Servicing, Inc.*, 153 So. 3d 280 (Fla. 2d DCA 2014), but find it distinguishable.