**Meritel TERVIL and Laurette Tervil, Appellants,**

v.

**U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Wachovia Bank, N.A., as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass–Through Certificates, Series 2005–AR8, Appellee.**

No. 4D15–2561.

District Court of Appeal of Florida, Fourth District.

Nov. 30, 2016.

ment of foreclosure in favor of U.S. Bank ("the bank"). We affirm without further discussion in all respects except one. We agree with the borrowers that the damages awarded were not supported by competent, substantial evidence and therefore remand for a new trial solely on damages, as well as an evidentiary hearing on attorneys' fees.

## Background

At trial, after the bank's witness testified that he had reviewed the 300+ page payment history, counsel for the bank handed him the proposed final judgment and asked if the figures in the proposed final judgment accurately reflected the amounts set forth in the payment history. The witness said they did and testified that the total amount of damages the bank was seeking was $220,914.47, or $230,776.70 including attorneys' fees. The payment history was admitted into evidence and an affidavit of attorneys' fees and costs was filed with the court. Final judgment was entered in the amount of $230,776.07.[1]

## Analysis

■ On appeal, the bank properly concedes that the trial court erred when it awarded attorneys' fees without holding an evidentiary hearing. *Petrovsky v. HSBC Bank, USA*, 185 So.3d 700, 701 (Fla. 4th DCA 2016). We accordingly reverse the fee award and remand for an evidentiary hearing on this issue.

■ The borrowers also argue that the evidence was insufficient to support the damages awarded. Following a non-jury trial, a sufficiency of the evidence claim may be raised for the first time on appeal. Fla. R. Civ. P. 1.530(e). This Court's standard of review of such a claim is for competent, substantial evidence. *Lasala v.*

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellants.

Sara F. Holladay–Tobias and Emily Y. Rottmann of McGuireWoods LLP, Jacksonville, for appellee.

FORST, J.

Appellants Meritel and Laurette Tervil ("the borrowers") challenge a final judg-

---

1. We realize this is not the precise amount the witness testified to.

*Nationstar Mortg., LLC,* 197 So.3d 1228, 1229 (Fla. 4th DCA 2016).

In foreclosure cases, Florida courts have repeatedly found that where the payment history is in evidence supporting some of the damages, but the bank's witness testifies by reading other damage items off of the proposed final judgment, reversal is required and the case is to be remanded for further proceedings. *E.g., Hovannesian v. PennyMac Corp.,* 190 So.3d 681, 682 (Fla. 4th DCA 2016); *Peuguero v. Bank of Am., N.A.,* 169 So.3d 1198, 1203–04 (Fla. 4th DCA 2015). Here, the note was placed into evidence without objection. The note establishes not only the debt, but also the right of the bank to collect interest, late charges, and other damages in the event the borrowers default. The payment history was also in evidence supporting the amount of principal awarded, and the testimony of the witness supports the total damages amount.

Thus, as in *Hovannesian,* although there was competent evidence in the record (including the payment history) supporting some of the bank's damages, there was not competent, substantial evidence supporting the individual amounts awarded for interest, late charges, taxes, insurance, inspection fees, and court costs. On this record, the appropriate remedy is reversal of the damages awarded with remand for further proceedings to properly establish the amounts due and owing.

### Conclusion

We affirm the trial court's determination that the bank had standing to file a foreclosure action against the borrower. We remand the issues of attorneys' fees and (in part) damages to the trial court for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and GROSS, JJ., concur.