DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EUGENE SCARCINCI**[1] and **BEATRIZ SCARINCI,**
Appellants,

v.

**CHRISTIANA TRUST,** A Division of **WILMINGTON SAVINGS FUND SOCIETY, FSB,** Not In Its Individual Capacity But As Trustee Of **ARLP TRUST,**
Appellee.

No. 4D17-1844

[May 16, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James T. Ferrara, Judge; L.T. Case No. 50-2015-CA-010891-XXXX-MB.

Brittani S. Gross and Kendrick Almaguer of The Ticktin Law Group, P.L.L.C., Deerfield Beach, for appellants.

Dariel Abrahamy of Greenspoon Marder, P.A., Boca Raton, for appellee.

CIKLIN, J.

Eugene Scarcinci and Beatriz Scarinci ("the borrowers"), appeal the judgment of foreclosure entered in favor of Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, Not In Its Individual Capacity But As Trustee of ARLP Trust ("Christiana Trust"), and argue that Christiana Trust failed to prove: (1) its standing at inception of the suit and (2) its damages. We affirm the foreclosure judgment but reverse and remand for further proceedings on damages.

Christiana Trust proved its standing at inception of the suit. The original promissory note was introduced at trial. It contained a chain of endorsements beginning with the lender and ending in a blank

---

[1] This appellant is identified in the complaint as "Eugene Scarcinci a/k/a Eugene Scarinci," but the notice of appeal identifies him as "Eugene Scarinci."

endorsement by the immediately preceding endorsee. The original note matched a copy attached as an exhibit to the complaint. *See Ortiz v. PNC Bank, Nat'l Ass'n,* 188 So. 3d 923, 925 (Fla. 4th DCA 2016) (finding that where original note with blank endorsement matches copy attached to the complaint, this is "sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary"). The borrowers do not provide any coherent argument as to what evidence they assert is contrary to the presumption of standing raised by the filing of the original note which matched the copy attached to the complaint.

With respect to damages, the principal balance awarded in the final judgment is supported by the loan payment history. Additionally, a significant portion of the amount awarded for escrow was supported by the loan payment history, coupled with the witness's testimony. Although Christiana Trust's witness testified as to amounts owed for property inspection and preservation fees, he acknowledged that he was relying on figures contained in a proposed final judgment that was not admitted into evidence. This was insufficient proof of these damages. *See Peuguero v. Bank of Am. N.A.,* 169 So. 3d 1198, 1203 (Fla. 4th DCA 2015) (reversing and remanding for further proceedings on damages where witness "merely testified that the amount written on a proposed final judgment was correct," and the proposed final judgment was never admitted into evidence). The witness claimed these figures were reflected in the loan payment history, but that is not apparent to us.

Likewise, we are unable to discern how the trial court arrived at the amounts awarded for late charges and title search expense. The witness's testimony regarding late charge assessments of $41 does not jibe with the late charge assessments appearing in the loan payment history, and it is not apparent from the loan payment history that the borrowers owed $5,905.68 for late charges, the amount provided for in the final judgment. Christiana Trust argues that it established the title search expense through an affidavit of costs contained in a court file, which it claims, without any record support, the trial court judicially noticed. With respect to interest, the witness's testimony regarding the calculation of interest did not result in the amount awarded by the trial court.

On appeal, the borrowers request remand for a dismissal *or further proceedings on damages.* In light of their request, and where the award for the principal balance and a significant portion of the escrow balance was supported by the evidence, we reverse but remand for the trial court

to conduct further proceedings. *See Hovannesian v. PennyMac Corp.*, 190 So. 3d 681, 681-82 (Fla. 4th DCA 2016) (reversing for further proceedings on damages where principal balance, taxes, and insurance premiums awarded in final judgment were supported by competent substantial evidence, but other damages awarded were not). The trial court need not amend the amount awarded for principal balance, but it should amend the amount awarded for escrow so that it is consistent with the evidence of the amount owed for escrow.[2] The trial court may conduct further proceedings to establish the amounts due and owing as to the remaining fees and expenses.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

WARNER and KLINGENSMITH, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] The trial court awarded $64,964.88 for escrow, but the loan payment history indicates $64,250.52 was owed.