DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JB INVESTMENT REALTY, LLC, HENRY R. ENSLER,** and
**KIMBERLY A. ENSLER,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS,** as
trustee for **RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE
ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-Q01,**
Appellee.

No. 4D19-3380

[November 4, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 50-2017-CA-003675.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and Donald J. Thomas of CBR Law Group, LLLP, Boca Raton, for appellants.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for appellee.

DAMOORGIAN, J.

JB Investment Realty, LLC, the current owner of the subject real property, and Henry R. Ensler and Kimberly A. Ensler, the borrowers, (collectively "Appellants"), appeal the trial court's entry of in rem final judgment of foreclosure in favor of Deutsche Bank National Trust Company Americas, as trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-Q01 ("the Bank").

Appellants challenge the final judgment on the following grounds: (1) the Bank failed to comply with the condition precedent of providing notice of default; (2) the trial court erred in allowing the Bank to introduce the payment histories associated with the loan; (3) the Bank failed to prove

the principal amount due on the note; and (4) the amount of damages listed in the final judgment is not supported by competent, substantial evidence.  We affirm on grounds 1, 2, and 3 without further comment.  We reverse on ground 4, concluding that certain categories of damages awarded in the final judgment were not supported by competent, substantial evidence.

The Bank's evidence of damages at trial consisted of witness testimony and the loan payment histories.  That evidence, particularly the loan payment histories, established a total of $746,345.41 in damages, which included $590,180.18 in principal, $125,454.44 in various escrow advances, and $30,710.79 in various corporate advances.  The witness did not testify as to the amount of interest owed on the loan and the payment histories do not list the amount of outstanding interest.  Although the witness testified that he reviewed the Bank's proposed final judgment, which presumably included a line item for interest and other court costs, the witness did not openly recite the total amounts listed therein and the proposed final judgment was not admitted into evidence.  The final judgment of foreclosure awarded $911,126.76 in damages and included damage awards for interest and various court costs.

We conclude that the principal balance, escrow advances, and corporate advances awarded in the final judgment were supported by competent, substantial evidence.  *See Hovannesian v. PennyMac Corp.*, 190 So. 3d 681, 681 (Fla. 4th DCA 2016).  However, the other damages awarded in the final judgment, including interest and court costs, were not supported by any evidence, let alone competent, substantial evidence.  Under these facts, the proper remedy is to affirm the judgment of foreclosure, reverse the amounts listed in the final judgment relating to interest and court costs, and remand with instructions that the trial court enter an amended final judgment based upon the record evidence.[1]

---

[1]  We recognize that the remedy in such cases is normally to reverse and remand for further proceedings to determine the amounts owed.  *See Hovannesian*, 190 So. 3d at 682.  However, because the Bank failed to present *any* evidence relating to interest and court costs, and because Appellants acknowledge that the Bank presented evidence to support $746,345.41 in damages, further proceedings are unnecessary in this case.  *Cf. McMillan v. Bank of N.Y. Mellon*, 180 So. 3d 1090, 1091–92 (Fla. 4th DCA 2015) (remanding for further proceedings to determine the amounts owed in a case where the bank presented witness testimony as to the exact amounts owed but did not produce the actual business records to substantiate those figures).

To the extent that Appellants argue this is a case where dismissal on remand is required, this is not a case involving a total lack of evidence as to the amounts owed as discussed in *Morales v. Fifth Third Bank*, 275 So. 3d 197, 201 (Fla. 4th DCA 2019).  Here, the Bank presented evidence to support $746,345.41 in damages and Appellants concede as much in their initial brief.  We likewise reject Appellants' argument that the Bank was limited by a predecessor judge's order, prohibiting the introduction of evidence not disclosed during the deposition of the Bank's witness.  The Bank correctly points out that certain disbursements that accrued after the deposition did not exist and could not be produced at the time of the deposition.  We agree with the Bank that the order was not intended to limit the Bank's right to seek damages that accrued after the date of the deposition.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN, J., and FRINK, KEATHAN B., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***