DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VULETIC GROUP L.L.C.** d/b/a **CONCEPT CONSTRUCTION,**
a Florida limited liability company,
Appellant,

v.

**SPENCER MALKIN,** an individual,
and **FRAN MALKIN,** an individual,
Appellees.

No. 4D2024-1589

[July 16, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 502020CA001095.

Benjamin E. Olive and Khaleel N. Martin of Olive Judd, P.A., Fort Lauderdale, for appellant.

Mark R. Osherow of Osherow, PLLC, Boca Raton, for appellees.

LEVINE, J.

Vuletic Group L.L.C. ("Vuletic") appeals the final judgment in favor of Spencer and Fran Malkin (the "homeowners") awarding the homeowners $414,272 in damages for defective construction and breach of contract. On appeal, Vuletic raises three issues: (1) the trial court incorrectly awarded damages measured after the date of the alleged breach, (2) the trial court improperly refused to abide by the parties' pre-trial stipulation, and (3) the trial court's ruling was improper because it was delayed and "rubber-stamped." We find that the trial court erred by awarding the homeowners damages measured from a date other than the date of breach. Thus, we reverse and remand for the trial court to enter judgment in favor of Vuletic. Since we find that the trial court erred in awarding damages measured after the date of breach, we need not reach the other two issues raised.

In 2018, Vuletic contracted with the homeowners for a house remodel. Vuletic worked on the home, and the homeowners made payments to Vuletic, until the homeowners terminated Vuletic on or about November

25, 2019. Subsequently, in January of 2020, Vuletic sued the homeowners for nonpayment. The homeowners filed the first iteration of their counterclaim for breach of contract and construction defects in May of 2021. The homeowners alleged, in part, that Vuletic breached its contract with the homeowners by "fail[ing] to supervise, coordinate, schedule, and/or manage a significant number of subcontractors and vendors working on the renovation," leading to "construction defects and deficiencies."

At a bench trial beginning in January of 2023, the homeowners presented expert testimony regarding the cost to repair the home. The homeowners' expert used pricing for costs as of September 7, 2022. The homeowners' expert concluded that, using the cost figures from September 7, 2022, the "cost to remedy all the issues that [he] referenced today" would be $414,372.

The trial court ruled in favor of the homeowners, awarding $414,272 in damages for defective construction and breach of contract.[1] Final judgment was entered in favor of the homeowners for $499,250, which included pre-judgment interest. This appeal follows.

Vuletic argues that the trial court incorrectly awarded damages measured after the date of the alleged breach. This presents a question of law reviewed de novo. *See Celsius Holdings, Inc. v. Strong Arm Prods., USA, Inc.*, 402 So. 3d 1040, 1042 (Fla. 4th DCA 2024) ("We review whether a trial court applied the correct measure of damages on a breach of contract claim de novo."); *S. Baptist Hosp. of Fla., Inc. v. Welker*, 908 So. 2d 317, 319 (Fla. 2005). This court reviews a damages award for competent, substantial evidence. *Tervil v. U.S. Bank Nat'l Ass'n*, 204 So. 3d 580, 581 (Fla. 4th DCA 2016); *see also Jeremy Stewart Constr., Inc. v. Matthews*, 324 So. 3d 41, 42 (Fla. 1st DCA 2021).

"Damages for a breach of contract should be measured as of the date of the breach. Fluctuations in value after the breach do not affect the nonbreaching party's recovery." *Grossman Holdings Ltd. v. Hourihan*, 414 So. 2d 1037, 1040 (Fla. 1982) (citations omitted); *see also Celsius Holdings*, 402 So. 3d at 1042 ("Damages for a breach of contract should be measured as of the date of the breach. As a result, fluctuations in value occurring after the breach should not be considered and do not affect the recovery allowed.") (citations and internal quotation marks omitted).

---

[1] The "Final Judgment" referenced damages in the amount of $414,372 and $414,272. The ultimate final judgment against Vuletic which awarded damages used the $414,272 figure.

Damages are not supported by competent, substantial evidence when damages are assessed for a time other than that of the time of breach. *See Jeremy Stewart Constr.*, 324 So. 3d at 42.

The Florida Supreme Court case of *Grossman Holdings* states that damages for a breach of contract are measured as of the date of breach. 414 So. 2d at 1040. The Florida Supreme Court held that, since "[d]amages for a breach of contract should be measured as of the date of the breach," the purchasers were entitled to damages for diminution in value from the date of breach. *Id.* The fact that the house increased in value since the date of the breach was of no consequence—the purchasers were still entitled to the "difference in value as of the date of delivery between the house the [purchasers] contracted for and the house that Grossman built." *Id.* Thus, the date of breach is dispositive.

In *Peach State Roofing, Inc. v. 2224 South Trail Corp.*, 3 So. 3d 442, 445 (Fla. 2d DCA 2009), the trial court found that the damages for replacing a defective roof would be based on the cost of damages from December 2006, five years after the breach of contract. On appeal, the Second District determined that the cost of damages should be from the claimed date of breach, which "was the completion date for the work done by Peach State, i.e., December 2001." *Id.* Because damages must be measured from the date of breach, "[t]he trial court erred in holding that damages should be the cost of replacing the entire roof in December 2006, five years after the breach." *Id.* The court reversed the final judgment and "remand[ed] for entry of judgment in favor of Peach State." *Id.* at 445-46.

Further, in *Bandklayder Development, LLC v. Sabga*, 406 So. 3d 265, 267 (Fla. 3d DCA 2025), the trial court awarded damages as of the date of trial, May 2023, for breach of contract for construction defects. However, since the date of breach was years earlier, and the homeowners' expert "did not testify to the amount of damages as of the date of the breach," the Third District was "compelled to reverse the final judgment and remand for entry of final judgment in favor of [the defendant]." *Id.* at 267, 269. The homeowners were required to prove "the amount of damages suffered by the [homeowners] at the time of the breach," and no such evidence was presented. *Id.* at 269. There was also testimony presented that "as of the date of the trial (May 2023), the cost to complete the unfinished work had increased . . . due to an increase in construction costs." *Id.* at 267.

We agree with *Peach State* and *Bandklayder*. The homeowners in this case presented no evidence to establish the amount of damages as of the date of breach. The homeowners presented evidence of damages only as of September 2022, which was years after the breach. The latest date the

breach could have occurred is November 25, 2019, when the homeowners terminated Vuletic and Vuletic ceased work. Because damages must be measured as of the date of breach, the damages awarded by the trial court are not supported by competent, substantial evidence and must be reversed.

The homeowners argue that Vuletic had the burden to prove unreasonableness of the homeowners' claimed damages. While it is true that "the general rule [is] that the non-defaulting party must show actual expenditures occasioned by the breach, and then the defaulting party may present evidence to prove waste, extravagance and lack of good faith," the homeowners still initially must meet their burden of proving "actual expenditures occasioned by the breach." *Tuttle/White Constructors, Inc. v. Montgomery Elevator Co.*, 385 So. 2d 98, 100 (Fla. 5th DCA 1980). Since the homeowners did not present evidence of damages as of the date of breach, they did not meet their burden of proof.

Because we find the homeowners failed to prove the proper amount of damages at trial, the proper remedy is to reverse and remand for entry of judgment in Vuletic's favor. The homeowners "had a duty to prove each element of their claim, including the proper measure of damages." *Bandklayder*, 406 So. 3d at 270. "The generally prevailing rule is that a party will not be permitted a new trial on remand to remedy its own failure to present sufficient evidence to support its claim." *Levy v. Ben-Shmuel*, 255 So. 3d 493, 495 (Fla. 3d DCA 2018). On remand, the homeowners are not entitled to a new trial on damages "because such a hearing 'improperly allows appellee "a second bite at the apple" at proving damages.'" *T.A. Enters., Inc. v. Olarte, Inc.*, 951 So. 2d 978, 979 (Fla. 4th DCA 2007). Thus, we reverse and remand for entry of judgment in favor of Vuletic. *Peach State*, 3 So. 3d at 445-46 (reversing and remanding for entry of judgment in favor of Peach State); *Bandklayder*, 406 So. 3d at 270 (remanding with instructions to enter final judgment in favor of the appellant).[2]

In summary, we find that the homeowners were required to prove their damages as of the date of breach. Since the homeowners did not present evidence of damages as of the date of breach and failed to meet their burden, we reverse and remand with instructions for the trial court to enter judgment in Vuletic's favor.

---

[2] We agree with the *Bandklayder* court, which noted that the remedy "may appear harsh," but reasoned that "the result here is solely attributable to the [homeowners'] failure to prove that which the law clearly requires." 406 So. 3d at 270.

*Reversed and remanded with instructions.*

MAY and DAMOORGIAN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***